IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FAUSTO CAMPOS**, on behalf of himself and all other employees similarly situated, known and unknown,<br><br>          Plaintiff,<br>  v.<br><br>**CERMAK PRODUCE, INC.**, an Illinois corporation, **CERMAK PRODUCE NO. 5, LTD.**, an Illinois corporation, **CERMAK PRODUCE NO. 6, INC.**, an Illinois corporation, **CERMAK PRODUCE NO. 7, INC.**, an Illinois corporation, **CERMAK PRODUCE NO. 8, INC.**, an Illinois corporation, **CERMAK PRODUCE NO. 9**, an Illinois corporation, **DMITRI BOUSIS**, individually, **JAMES BOUSIS**, individually, **BOB TZOTZOLIS**, individually, and **PANTELIS TZOTZOLIS**, individually,<br><br>          Defendants. | Civil Action<br><br>No. FILED: APRIL 1, 2008<br>   08CV1873        TG<br>   JUDGE PALLMEYER<br>   MAGISTRATE JUDGE ASHMAN<br><br><br>JURY DEMAND |

## COMPLAINT

NOW COMES the plaintiff, **FAUSTO CAMPOS** (the "Plaintiff"), on behalf of himself and all other employees similarly situated, known and unknown, by and through their attorneys of record, complaining of the defendants, **CERMAK PRODUCE, INC**. ("CERMAK"), an Illinois corporation, **CERMAK PRODUCE NO. 5, LTD.** ("CERMAK 5"), an Illinois corporation, **CERMAK PRODUCE NO. 6, INC.** ("CERMAK 6"), an Illinois corporation, **CERMAK PRODUCE NO. 7, INC.** ("CERMAK 7"), an Illinois corporation, **CERMAK PRODUCE NO. 8, INC.** ("CERMAK 8"), an Illinois corporation, **CERMAK PRODUCE NO. 9, INC.**

("CERMAK 9") an Illinois corporation, **DMITRI BOUSIS** ("DMITRI") individually, **JAMES BOUSIS** ("JAMES"), individually, **BOB TZOTZOLIS** ("BOB") individually, and **PANTELIS TZOTZOLIS**, ("PANTELIS"), individually, (collectively the "Defendants"), and pleading hypothetically and in the alternative, alleges as follows:

## I. INTRODUCTION

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Plaintiff Class"). The Plaintiff and the Plaintiff Class routinely worked in excess of 40 hours per week for the Defendants, but the Defendants failed and refused to pay them time-and-one-half overtime compensation for those hours, as the FLSA requires. In Count I, the Plaintiff brings claims pursuant to Section 216(b) of the FLSA.

2. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, and the Attorneys' Fees in Wage Actions Act ("AFWAA"), 705 ILCS 225 *et seq*. The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II. THE PARTIES

3. The Plaintiff is an individual domiciled in the State of Illinois, and resides within this judicial district.

2

4. The following defendants are individuals domiciled in Illinois who, upon information and belief, reside within this judicial district: a) DMITRI; b) BOB; and c) PANTELIS.

5. The following defendants are Illinois corporations whose registered offices are each located at 200 W. Jackson Boulevard, Suite 1050, Chicago, Illinois, 60606: a) CERMAK; b) CERMAK 6; c) CERMAK 7; d) CERMAK 8; and e) CERMAK 9.

6. CERMAK 5 is an Illinois corporation whose registered office is located at 1051 Chatham Drive, Palatine, IL 60067.

7. At all times relevant to this action, JAMES is and was CERMAK's president and corporate secretary.

8. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in CERMAK: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

9. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CERMAK's day-to-day operations: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

10. At all times relevant to this action, DIMITRI is and was CERMAK 5's president.

11. At all times relevant to this action, BOB is and was CERMAK 5's corporate secretary.

12. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in CERMAK 5: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

13. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CERMAK 5's day-to-day operations: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

14. At all times relevant to this action, DIMITRI is and was CERMAK 6's president.

15. At all times relevant to this action, BOB is and was CERMAK 6's corporate secretary.

16. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in CERMAK 6: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

17. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CERMAK 6's day-to-day operations: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

18. At all times relevant to this action, PANTELIS is and was CERMAK 7's president.

19. At all times relevant to this action, DMITRI is and was CERMAK 7's corporate secretary.

20. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in CERMAK 7: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

21. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CERMAK 7's day-to-day operations: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

22. At all times relevant to this action, JAMES is and was CERMAK 8's president and corporate secretary.

23. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in CERMAK 8: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

24. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CERMAK 8's day-to-day operations: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

25. At all times relevant to this action, DMITRI is and was CERMAK 9's president and corporate secretary.

26. Upon information and belief, at all times relevant to this action, the following defendants held/hold an ownership interest in CERMAK 9: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

27. Upon information and belief, at all times relevant to this action, the following defendants exercised/exercise control over significant aspects of CERMAK 9's day-to-day operations: a) DMITRI; b) JAMES; c) BOB; and d) PANTELIS.

### III. JURISDICTION AND VENUE

28. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. § 1331.

29. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

30. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within this judicial district.

31.    Further, venue is proper pursuant to 28 U.S.C. § 1391, as the Defendants reside within this judicial district.

## IV.    STATUTORY CONSENT

32.    The Plaintiff bring this case as a collective action under the FLSA on behalf of himself and the Plaintiff Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action.

33.    The Plaintiff's Notice of Consent is incorporated herein by reference and attached hereto as **Exhibit A**.

## V.    GENERAL ALLEGATIONS

34.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

35.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, were the Plaintiff's "employer", within the meaning of Section 3(c) of the IMWL in that the Defendants, and each of them, were acting directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

36.    At all times relevant to this action, the Defendants, and each of them, severally or in one or more combinations, operated, controlled, and/or constituted an

enterprise within the meaning of Section 3(r) of the FLSA (the "Enterprise"), which ran or controlled at least nine establishments within this judicial district, to wit:

    a. Cermak Produce, 1711 W. Cermak Road, Chicago, Illinois;

    b. Cermak Produce, 3311 W. 26th Street, Chicago, Illinois;

    c. Cermak Produce, 3435 S. Archer Avenue, Chicago, Illinois;

    d. Cermak Produce, 4234 N. Kedzie, Chicago, Illinois;

    e. Cermak Produce, 4401 W. Armitage Avenue, Chicago, Illinois;

    f. Cermak Produce, 5220 S Pulaski Rd., Chicago, Illinois;

    g. Cermak Produce, 2701 W. North Avenue, Chicago, Illinois;

    h. Cermak Produce, 2820 N. Cicero Avenue; and

    i. Cermak Produce, 4728 W. Cermak Road, Cicero, Illinois.

37. The Enterprise may operate, and/or may have operated, additional establishments in this judicial district.

38. One or more of the Defendants continue(s) to operate the Enterprise to this day.

39. The employee members of the Plaintiff Class were routinely traded amongst the several establishments controlled by and/or constituting the Enterprise, including those establishments at the locations listed above, indicating common control of the several establishments.

40. At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

41. At all times relevant to this action, the Plaintiff and the Plaintiff Class were "employees" of the Defendants within the meaning of Section 3(d) of the IMWL.

42. During the course of his employment by the Defendants, the Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

43. At all times relevant to this action, the Defendants, and/or the Enterprise controlled by the Defendants, engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA.

44. During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the FLSA.

45. During the course of their employment by the Defendants, the Plaintiff and the Plaintiff Class were/are employed as laborers and are not exempt from the overtime wage and minimum wage provisions of the IMWL.

46. The Plaintiff and the Plaintiff Class were routinely directed by the Defendants to work, and did so work, in excess of 40 hours per week. The Plaintiff typically worked 60 to 70 hours per week.

47. The Defendants often paid the Plaintiff and the Plaintiff Class in cash, rather than by check or otherwise.

48. The Plaintiff believes the Defendants often paid him and the Plaintiff Class in cash in order to circumvent their obligations under the FLSA, among other reasons.

49. Upon information and belief, the Defendants failed to keep complete and/or accurate payroll records for the members of the Plaintiff Class.

50. Upon information and belief, the Defendants failed to keep complete and/or accurate contact information for the members of the Plaintiff Class.

51. Sending notice of this lawsuit by mail alone (as is typically done in FLSA collective actions) would fail to reach the members of the Plaintiff Class because, given the allegation that the Defendants paid them primarily in cash, the Defendants' employee address records are likely to be incomplete or inaccurate.

52. In light of the allegations above, notice by newspaper publication would be appropriate in this case.

53. The members of the Plaintiff Class are primarily Spanish-speaking, and are generally not native speakers of English. Accordingly, any notice of this lawsuit should be published in Spanish, or in English and Spanish.

## COUNT I
### (Violation of the FLSA)

54. The Plaintiff hereby re-alleges the foregoing allegations.

55. The Defendants violated the FLSA by failing to pay the Plaintiff and the Plaintiff Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were employed.

56. The Defendants willfully violated the FLSA in that they were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

WHEREFORE, the Plaintiff, **FAUSTO CAMPOS**, on behalf of himself and all other employees similarly situated, known and unknown, prays for judgment in his favor and against the defendants, **CERMAK PRODUCE, INC.**, **CERMAK PRODUCE NO. 5, LTD.**, **CERMAK PRODUCE NO. 6, INC.**, **CERMAK PRODUCE NO. 7, INC.**,

**CERMAK PRODUCE NO. 8, INC.**, **CERMAK PRODUCE NO. 9, DMITRI BOUSIS**, **JAMES BOUSIS**, **BOB TZOTZOLIS**, and **PANTELIS TZOTZOLIS**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiffs at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory liquidated damages as allowed by the FLSA;

C. interest on all amounts awarded;

D. attorneys' fees, together with costs of suit and collection;

E. an order directing the defendants to, within 14 days of the entry of said order, provide the names and addresses of all persons currently or formerly employed by the defendants from October 15, 2004 through the present;

F. an order authorizing the Plaintiff to publish notice of this action in a form substantially similar to that which is attached hereto as **Exhibit B**;

G. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

57. The Plaintiff hereby re-alleges the foregoing allegations.

58. The Defendants violated the IMWL by failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which the plaintiffs were employed.

59. The Defendants willfully violated the IMWL in that they were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

WHEREFORE, the Plaintiff, **FAUSTO CAMPOS**, prays for judgment in his favor and against the defendants, **CERMAK PRODUCE, INC.**, **CERMAK PRODUCE NO. 5, LTD.**, **CERMAK PRODUCE NO. 6, INC.**, **CERMAK PRODUCE NO. 7, INC.**, **CERMAK PRODUCE NO. 8, INC.**, **CERMAK PRODUCE NO. 9**, **DMITRI BOUSIS**, **JAMES BOUSIS**, **BOB TZOTZOLIS**, **PANTELIS TZOTZOLIS**, and each of them, and for the following relief:

A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate at which the plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

B. statutory punitive damages as allowed by the IMWL;

C. interest on all amounts awarded;

D. reasonable attorneys' fees, together with costs of suit and collection; and

E. such further relief as may be fair and just in the premises.

## COUNT III
### (IWPCA and AFWAA claims)

60. The Plaintiff hereby re-alleges the foregoing allegations.

61. The Defendants violated the IWPCA by:

   a. failing to pay the plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate upon which the parties had agreed;

   b. failing to pay the plaintiff certain wages either weekly or biweekly; and/or

   c. failing to pay the plaintiff certain wages within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant biweekly pay-period.

WHEREFORE, the Plaintiff, **FAUSTO CAMPOS**, prays for judgment in his favor and against the defendants, **CERMAK PRODUCE, INC.**, **CERMAK PRODUCE NO. 5, LTD.**, **CERMAK PRODUCE NO. 6, INC.**, **CERMAK PRODUCE NO. 7, INC.**, **CERMAK PRODUCE NO. 8, INC.**, **CERMAK PRODUCE NO. 9, DMITRI BOUSIS**, **JAMES BOUSIS**, **BOB TZOTZOLIS**, **PANTELIS TZOTZOLIS**, and each of them, and for the following relief:

A. an order commanding the defendants to pay the plaintiff any and all overtime compensation the defendants owe the plaintiff for each hour the plaintiff worked in excess of 40 in any given week, but for which the defendants failed to pay the plaintiff at a rate equal to or greater than one and one-half times the regular rate agreed upon by the parties (in no case less than one and one-half times the IMWL's minimum rate);

B. interest on all amounts awarded;

C. reasonable attorneys' fees as allowed by the AFWAA, together with costs of suit and collection; and

D. such further relief as may be fair and just in the premises.

## JURY DEMAND

NOW COMES the Plaintiff, **FAUSTO CAMPOS**, on behalf of himself and all other employees similarly situated, known and unknown, by and through his attorneys of record, and hereby demands trial by jury of all issues set herein.

Roy P. Amatore, Esq.  
Paul Luka, Esq.  
AMATORE & ASSOCIATES, P.C.  
120 S. State Street · Suite 400  
Chicago, IL 60603  
312.236.9825 (tel.)  
312.236.9826 (fax)

Respectfully submitted,

/s/Paul Luka  
PAUL LUKA ARDC #6288860

# Exhibit A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C. to pursue his claims for unpaid wages, and other relief, against ___CERMAK PRODUCE___, and anyone else who may have employed him in conjunction with said persons (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of himself and all other similarly situated employees, known and unknown.

_____
FAUSTO CAMPOS GARCIA

# Exhibit B

# NOTICE OF RIGHT TO JOIN LAWSUIT TO RECOVER UNPAID OVERTIME FROM CERMAK PRODUCE FOOD STORES

A lawsuit is currently pending against CERMAK PRODUCE, INC., CERMAK PRODUCE NO. 5, LTD., CERMAK PRODUCE NO. 6, INC., CERMAK PRODUCE NO. 7, INC., CERMAK PRODUCE NO. 8, INC., CERMAK PRODUCE NO. 9, and other defendants, for allegedly failing to pay their employees overtime.  The purpose of this notice is to inform you of your right to join this suit.

If you have worked at any of the Cermak Produce stores at any time since March 27, 2008, and were not paid overtime, you have a right to join this lawsuit to recover your overtime pay.  To be eligible you must have worked more than forty hours in one or more weeks and were not paid at the rate of time and a half for the extra hours.

You are not required to join this case or take any action unless you want to.  It is against the law for your employer to fire you in retaliation for joining this lawsuit.

If you wish to join this lawsuit, please contact Roy P. Amatore at the law office of Amatore & Associates, P.C. between the hours of 9:00 a.m. and 5:00 p.m., Monday through Friday, at (312) 236-9825 for further instructions on how to join this lawsuit.

**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF PLAINTIFF'S CLAIMS OR OF DEFENDANTS' DEFENSES.  PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT. THEY CANNOT ANSWER QUESTIONS CONCERNING THIS LAWSUIT OR THIS NOTICE.**